## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In Re:

Rodney Williams                                    Case No. 3:12-bk-04198
Kasey Williams                                     Chapter 11

      Debtor(s).
_____/

### Order Confirming Debtors' Chapter 11 Plan of Reorganization

This Case came before the Court on August 15th, 2013 on the Debtors' Plan of

Reorganization, Dated January 7, 2013 (Doc. #108), the Stipulations filed on the record, and the

Motions for Cramdown Under 1129(b) and the Court found all provisions of 11 U.S.C. § 1129(a)

and (b) have been satisfied.  Upon consideration, it is ORDERED:

1. The Debtors' Plan of Reorganization (the "Plan") as modified by Stipulations is
   confirmed.  A copy of the Confirmed Plan is attached as Exhibit "A" as well as
   stipulations that change any treatment and copies of the Cramdown Orders which specify
   treatment if changed.

2. The Debtors shall fund the Plan for the applicable commitment period using all
   disposable income, including any sums received from future tax refunds and/or the
   refinancing or sale of investment properties during the applicable commitment period.
   The current disposable income was calculated at approximately $660.00 per quarter.
   That amount will be paid to unsecured creditors quarterly for the sixty (60) month term of
   the Plan on a pro rata basis.

3. The Debtors are ordered to continue quarterly U.S. Trustee fees until such time as the
   case is converted, closed, dismissed, discharged, or a final decree is entered.

4. After confirmation, pursuant to 11 U.S.C. §1106(a)(7) and Bankruptcy Rule 2014(a)(5),
   the Debtors shall file with the Bankruptcy Court and shall serve on the United States
   Trustee a financial report or statement of disbursements for each quarter (or portion
   thereof) that this Chapter 11 case remains open, in a format proscribed by the United
   States Trustee.  These reports shall include any disbursements made from the sale of any

real property.  The Debtors shall also attach any closing statements to the quarterly reports.

5.  This Order supersedes any Adequate Protection Orders entered in this case and same shall be of no further force and effect.  This Order imposes an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages, and/or deeds of trust that collect payments disbursed under this Plan to credit payments in the manner required by the Plan in accordance with 11 U.S.C. § 524(i).

6.  Secured creditors shall retain any lien on property in which the estate has an interest to the extent of the value of such creditor's interest in the estate's interest in such property.  Except as modified by the Plan or this Order, all terms of the loan documents shall remain in full force and effect.

7.  Any objection filed by a creditor which is not prosecuted at the confirmation hearing is deemed withdrawn and/or overruled by entry of this Order.

8.  The Debtors are not entitled to a discharge in this case until completion of all payments under the Plan for five years.

9.  The Debtors may move to administratively close the case without entry of a discharge upon commencement of payments under the Plan. Upon completion of all payments under the Plan or as otherwise available to the Debtors under Section 1141(d)(5)(B) of the Code, the Debtors intend to file a Motion to Reopen the Case for the limited purpose of obtaining a Discharge.

10. The Court retains jurisdiction to enforce the terms of this Order.


DATED this 30 day of August , 2013 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge


Attorney Joshua Dawes is directed to serve a copy of this order on interested parties and to file a certificate of service within 3 days of entry of the order.

# Exhibit A

## United States Bankruptcy Court
### Middle District of Florida
### Jacksonville Division

| | | | |
|---|---|---|---|
| | **Rodney Lee Williams** | | |
| In re | **Kasey Drake Williams** | Case No. | **3:12-bk-04198** |
| | Debtor(s) | Chapter | **11** |

Individual Case under Chapter 11

## DEBTORS' PLAN OF REORGANIZATION, DATED JANUARY 7, 2013

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of the Debtors from future income of the Debtors derived from rental income generated from the real property that the Debtors own as well as other income from the Debtors' employment.

This Plan provides for 21 classes of secured claims, 1 class of priority claims, and 1 class of unsecured claims. Unsecured creditors holding allowed claims will receive distributions not less than the projected disposable income of the Debtors to be received during the five year period beginning on the date that the first payment is due under the Plan. This Plan also provides for the payment of administrative and priority claims either upon the effective date of this Plan or as allowed under the Bankruptcy Code. All creditors and equity security holders should refer to Articles II through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1. All allowed claims entitled to priority under § 507 of the Code. All claims in Class 1 shall be paid in full at the time of confirmation of the Plan.

2.02    Class 2. First mortgage of Navy Federal Credit Union on 4212 Etta Street, Jacksonville, Florida 32209. (Claim 3).

This Class consists of the secured claim of Navy Federal Credit Union on 4212 Etta Street, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, Florida. The Debtors will surrender the collateral in full satisfaction of any claim filed by the claimholder.

Class 2 is unimpaired by the Plan. The holder of a Class 2 claim is not entitled to vote to accept or reject the Plan.

2.03    Class 3. First mortgage of Navy Federal Credit Union on 1520 Raven Drive, Jacksonville, Florida 32218. (Claim 4).

This Class consists of the secured claim of Navy Federal Credit Union on 1520 Raven Drive, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, Florida. The Debtors will surrender the collateral in full satisfaction of any claim filed by the claimholder.

Class 3 is unimpaired by the Plan. The holder of a Class 3 claim is not entitled to vote to accept or reject the Plan.

2.04    Class 4. First mortgage of Navy Federal Credit Union on 7980 Jeff Drive, Jacksonville, Florida. (Claim 17).

This Class consists of the secured claim of Navy Federal Credit Union on 7980 Jeff Drive, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, Florida. The Debtors will pay the value of the collateral, $71,421.00, as a re-amortized first mortgage, together with interest at the rate of 4.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier. The Debtors in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Duval County, Florida. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. Navy Federal Credit Union is requested to provide the new escrow amount upon confirmation. All default terms will remain the same as were under the original terms of the note.

Class 4 is impaired by the Plan. The holder of a Class 4 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 4 claim shall retain any lien encumbering real property of the Debtor in Possession.

[Space intentionally left blank]

2.05    Class 5. First Mortgage of Navy Federal Credit Union on 1329 Palmetto Street, Jacksonville, Florida. (Claim 19).

        This Class consists of the secured claim of Navy Federal Credit Union on 1329 Palmetto Street, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, Florida. The Debtors will pay the value of the collateral, $54,600.00, as a re-amortized first mortgage, together with interest at the rate of 4.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier. The Debtors in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Duval County, Florida. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. Navy Federal Credit Union is requested to provide the new escrow amount upon confirmation. All default terms will remain the same as were under the original terms of the note.

        Class 5 is impaired by the Plan. The holder of a Class 5 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 5 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.06    Class 6. First Mortgage of Navy Federal Credit Union on 2020 Beaux Drive, Jacksonville, Florida 32210. (Claim 20).

        This Class consists of the secured claim of Navy Federal Credit Union on 2020 Beaux Drive, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, Florida. The Debtors will pay the value of the collateral, $57,000.00, as a re-amortized first mortgage, together with interest at the rate of 4.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier. The Debtors in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Duval County, Florida. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. Navy Federal Credit Union is requested to provide the new escrow amount upon confirmation. All default terms will remain the same as were under the original terms of the note.

        Class 6 is impaired by the Plan. The holder of a Class 6 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 6 claim shall retain any lien encumbering personal property of the Debtor in Possession.

2.07    Class 7. First Mortgage of Navy Federal Credit Union on 5516 Ahmad Drive, Jacksonville, Florida 32209. (Claim 21).

This Class consists of the secured claim of Navy Federal Credit Union on 5516 Ahmad Drive, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, Florida. The Debtors will surrender the collateral in full satisfaction of any claim filed by the claimholder.

Class 7 is unimpaired by the Plan. The holder of a Class 7 claim is not entitled to vote to accept or reject the Plan.

2.08    Class 8. First mortgage of Navy Federal Credit Union on 1012 Callan Street, Jacksonville, Florida 32209. (Claim 24).

This Class consists of the secured claim of Navy Federal Credit Union on 1012 Callan Street, Jacksonville, Florida, by virtue of a first mortgage recorded in the Public Records of Duval County, Florida. The Debtors will pay the value of the collateral, $34,500.00, as a re-amortized first mortgage, together with interest at the rate of 4.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier. The Debtors in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Duval County, Florida. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. Navy Federal Credit Union is requested to provide the new escrow amount upon confirmation. All default terms will remain the same as were under the original terms of the note.

Class 8 is impaired by the Plan. The holder of a Class 8 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 8 claim shall retain any lien encumbering real property of the Debtors in Possession.

[Space intentionally left blank]

2.09    <u>Class 9</u>. First mortgage of Navy Federal Credit Union on 9104 Fitzwalter Road, Jacksonville, Florida 32208 (Claim 25).

This Class consists of the secured claim of Navy Federal Credit Union on 9104 Fitzwalter Road, Jacksonville, Florida, by virtue of a first mortgage recorded in the Public Records of Duval County, Florida. The Debtors will pay the value of the collateral, $36,000.00, as a re-amortized first mortgage, together with interest at the rate of 4.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier. The Debtors in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Duval County, Florida. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. Navy Federal Credit Union is requested to provide the new escrow amount upon confirmation. All default terms will remain the same as were under the original terms of the note.

Class 9 is impaired by the Plan. The holder of a Class 9 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 9 claim shall retain any lien encumbering real property of the Debtors in Possession.

2.10    <u>Class 10</u>. First mortgage of Navy Federal Credit Union on 1509 West 1st Street, Jacksonville, Florida 32209 (Claim 27).

This Class consists of the secured claim of Navy Federal Credit Union on 1509 West 1st Street, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, Florida. The Debtors will pay the value of the collateral, $38,000.00, as a re-amortized first mortgage, together with interest at the rate of 4.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier. The Debtors in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Duval County, Florida. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. Navy Federal Credit Union is requested to provide the new escrow amount upon confirmation. All default terms will remain the same as were under the original terms of the note.

Class 10 is impaired by the Plan. The holder of a Class 10 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 10 claim shall retain any lien encumbering real property of the Debtors in Possession.

2.11    <u>Class 11</u>. First mortgage of Bank of America, N.A. on 321 Belfort Street, Jacksonville, Florida 32204 (Claim 31).

   This Class consists of the secured claim of Bank of America, N.A. on 321 Belfort Street, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, Florida. The Debtors will surrender the collateral in full satisfaction of any claim filed by the claimholder.

   Class 11 is unimpaired by the Plan. The holder of a Class 11 claim is not entitled to vote to accept or reject the Plan.

2.12    <u>Class 12</u>. First mortgage of Bank of America, N.A. on 3627 Drew Street, Jacksonville, Florida 32207. (Claim 32).

   This Class consists of the secured claim of Bank of America, N.A. on 3627 Drew Street, Jacksonville, Florida, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, Florida. The Debtors will pay the value of the collateral, $86,215.00, as a re-amortized first  mortgage, together with interest at the rate of 4.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier. The Debtors in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Duval County, Florida. Bank of America, N.A. is requested to provide the new escrow amount upon confirmation. All default terms will remain the same as were under the original terms of the note.

   Class 12 is impaired by the Plan. The holder of a Class 12 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 12 claim shall retain any lien encumbering real property of the Debtors in Possession.

2.13    <u>Class 13</u>. First mortgage of U.S. Bank, N.A. on 7660 Melissa Court, Melissa Estates Unit 1, Jacksonville, Florida 32210. (Claim 35).

   This Class consists of the secured claim of U.S. Bank, N.A. on 7660 Melissa Court, Melissa Estates Unit 1, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, Florida. The Debtors will pay the value of the collateral, $39,000.00, as a re-amortized first mortgage,  together with interest at the rate of 4.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier. The Debtors in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Duval County, Florida. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. U.S. Bank, N.A. is requested to provide the new

escrow amount upon confirmation. All default terms will remain the same as were under the original terms of the note.

Class 13 is impaired by the Plan. The holder of a Class 13 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 13 claim shall retain any lien encumbering real property of the Debtors in Possession.

2.14    Class 14. First mortgage of Navy Federal Credit Union on 4152 Lorenzo Court, Jacksonville, Florida 32208. (Claim 26).

This Class consists of the secured claim of Navy Federal Credit Union on 4152 Lorenzo Court, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, Florida. The Debtors will surrender the collateral in full satisfaction of any claim filed by the claimholder.

Class 14 is unimpaired by the Plan. The holder of a Class 14 claim is not entitled to vote to accept or reject the Plan.

2.15    Class 15. First mortgage of Navy Federal Credit Union on Debtors' homestead property at 3004 Atherley Road, St. Augustine, Florida 32092. (Claim 12).

This Class consists of the secured claim of Navy Federal Credit Union on Debtors' homestead by virtue of a first mortgage recorded in the Public Records of St. John's County, Florida. The Debtors will continue to make regular monthly payments directly to the lender on the original terms of the note.

Class 15 is unimpaired by the Plan. The holder of a Class 15 claim is not entitled to vote to accept or reject the Plan. Each holder of an allowed Class 15 claim shall retain any lien encumbering real property of the Debtor in Possession.

[Space intentionally left blank]

2.16   Class 16.  First mortgage of Navy Federal Credit Union on 7783 Allspice Circle, Jacksonville, Florida 32092. (Claim 23).

        This Class consists of the secured claim of Navy Federal Credit Union on 7783 Allspice Circle, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, Florida.  The Debtor will pay the full claim amount, $75,762.95, as a re-amortized first mortgage, together with interest at the rate of 4.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier.  The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Duval County, Florida.  To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.  Navy Federal Credit Union is requested to provide the new escrow amount upon confirmation.  All default terms will remain the same as were under the original terms of the note.

        Class 16 is impaired by the Plan.  The holder of a Class 16 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 16 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.17   Class 17.  Second mortgage of Navy Federal Credit Union on 7783 Allspice Circle, Jacksonville, Florida 32092. (Claim 5).

        This Class consists of the secured claim of Navy Federal Credit Union on 7783 Allspice Circle, Jacksonville, Florida by virtue of a second mortgage recorded in the Public Records of Duval County, Florida.  The value of class 17 claim is $9,006.05.  The Debtor will pay the value of the claim as a re-amortized second mortgage, together with interest at the rate of 4.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier.  The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the public records of Duval County, Florida.  All default terms will remain the same as were under the original terms of the note.  Any unsecured deficiency will be treated in the general unsecured creditor class.

        Class 17 is impaired by the Plan.  The holder of a Class 17 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 17 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.18     <u>Class 18</u>.  Third mortgage of Navy Federal Credit Union on 7783 Allspice Circle, Jacksonville, Florida 32092. (Claim 2).

This Class consists of the secured claim of Navy Federal Credit Union on 7783 Allspice Circle, Jacksonville, Florida by virtue of a third mortgage recorded in the public records of Duval County, Florida.  The value of class 18 claim is $0.00.  The Plan avoids the lien class 18 has on this real property. Any unsecured deficiency will be treated in the general unsecured creditor class.

Class 18 is impaired by the Plan.  The holder of a Class 18 claim is entitled to vote to accept or reject the Plan.

2.19     <u>Class 19</u>.  Second mortgage of Regions Bank on Debtors' homestead property at 3004 Atherley Road, St. Augustine, Florida 32092. (No Claim Filed).

This Class consists of the secured claim of Regions Bank on 3004 Atherley Road, St. Augustine, Florida by virtue of a second mortgage recorded in the public records of St. John's County, Florida.  The value of class 19 claim is $0.00.  The Plan avoids the lien class 19 has on this real property.  Any unsecured deficiency will be treated in the general unsecured creditor class.

Class 19 is impaired by the Plan.  The holder of a Class 19 claim is entitled to vote to accept or reject the Plan.

2.20     <u>Class 20</u>.  First mortgage of Navy Federal Credit Union on 1124 Callan Street, Jacksonville, Florida. (Claim 22).

This Class consists of the secured claim of Navy Federal Credit Union on 1124 Callan Street, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, Florida.  The Debtors will pay the full claim amount, $41,325.46, as a re-amortized first mortgage, together with interest at the rate of 4.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier.  The Debtors in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Duval County, Florida.  To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.  Navy Federal Credit Union is requested to provide the new escrow amount upon confirmation.  All default terms will remain the same as were under the original terms of the note.

Class 20 is impaired by the Plan.  The holder of a Class 20 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 20 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.21    Class 21.  Purchase Money Security Interest of Navy Federal Credit Union on a 2011 Kia Sorento. (Claim 8).

This Class consists of the Purchase Money Security Interest Secured Claim of Navy Federal Credit Union on a 2011 Kia Sorento.  The Debtors will pay the amount of the claim, $6,557.70, as a re-amortized contract, together with interest at the rate of 5% in equal monthly installments over a period of 60 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier.

Class 21 is impaired by the Plan.  The holder of a Class 21 claim is entitled to vote to accept or reject the Plan.  Each holder of an allowed Class 21 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.22    Class 22.  Secured tax claim of the Duval County Tax Collector on real property located in Duval County, Florida. (Claim 15).

This Class consists of the secured property tax claim of the Duval County Tax Collector on property in Jacksonville, Florida.  The Debtors will pay the full claim amount, $17,752.15, over sixty (60) months with statutory interest of 18% from the original date of default.  The Debtors may pay this debt off in full at any time with no prepayment penalties.  The claim will continue to accrue statutory interest from the date of default until completely cured.

Class 22 is impaired by the Plan.  The holder of a Class 22 claim is entitled to vote to accept or reject the Plan.  Each holder of an allowed Class 22 claim shall retain any lien encumbering real property of the Debtors in Possession.

2.23    Class 23.  All unsecured claims allowed under §502 of the Code.

This Class consists of the General Unsecured Claims, including any wholly unsecured second mortgage claims identified above and any unsecured portion of claims valued pursuant to 11 U.S.C. § 506.

The Debtors shall pay all projected disposable income for a period of 60 months to the holder of each Class 23 Claim in equal quarterly installments on the later of the effective date of the Plan or the date on which a Class 23 claim becomes an allowed claim for full satisfaction of the unsecured claims.  Also the Debtors' tax refund while the case is pending will be considered disposable income and would go towards the unsecured creditors.  The Debtor anticipates a **quarterly** distribution of $660.00 to unsecured creditors.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
## U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.01    <u>Unclassified Claims</u>.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    <u>Administrative Expense Claims</u>.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.03    <u>Priority Tax Claims</u>.  Each holder of a priority tax claim will be paid in full by regular installments within 5 years of the date of the filing of the Petition by the Debtors in Possession in accordance with 11 U.S.C. § 1129(a)(9).

3.04    <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

**Class Impairment Treatment**

**Class 1 - Priority Claims.**

Unimpaired – The Debtor does not expect any priority claims outside of Attorney Fees and Trustee Fees.

**Class 2 – First mortgage of Navy Federal Credit Union on 4212 Etta Street, Jacksonville, FL. (Claim 3).**

Unimpaired – surrender the collateral in full satisfaction of any claim filed by the claimholder.

**Class 3 – First mortgage of Navy Federal Credit Union on 1520 Raven Drive, Jacksonville, FL. (Claim 4).**

Unimpaired – surrender the collateral in full satisfaction of any claim filed by the claimholder.

**Class 4 – First mortgage of Navy Federal Credit Union on 7980 Jeff Drive, Jacksonville, FL. (Claim 17).**

Impaired – repaid the value of the collateral, together with interest of 4.25% interest over 360 months.

**Class 5 – First mortgage of Navy Federal Credit Union on 1329 Palmetto Street, Jacksonville, FL. (Claim 19).**

Impaired – repaid the value of the collateral, together with interest of 4.25% interest over 360 months.

**Class 6 – First mortgage of Navy Federal Credit Union on 2020 Beaux Drive, Jacksonville, FL. (Claim 20).**

Impaired – repaid the value of the collateral, together with interest of 4.25% interest over 360 months.

**Class 7 – First mortgage of Navy Federal Credit Union on 5516 Ahmad Drive, Jacksonville, FL. (Claim 21).**

Unimpaired – surrender the collateral in full satisfaction of any claim filed by the claimholder.

**Class 8 – First mortgage of Navy Federal Credit Union on 1012 Callan Street, Jacksonville, FL. (Claim 24).**

Impaired – repaid the value of the collateral, together with interest of 4.25% interest over 360 months.

**Class 9 – First mortgage of Navy Federal Credit Union on 9104 Fitzwalter Road, Jacksonville, FL. (Claim 25).**

Impaired – repaid the value of the collateral, together with interest of 4.25% interest over 360 months.

**Class 10 – First mortgage of Navy Federal Credit Union on 1509 W. 1st Street, Jacksonville, FL. (Claim 27)**

Impaired – repaid the value of the collateral, together with interest of 4.25% interest over 360 months.

**Class 11 – First mortgage of Bank of America, N.A. on 321 Belfort Street, Jacksonville, FL. (Claim 31).**

Unimpaired – surrender the collateral in full satisfaction of any claim filed by the claimholder.

**Class 12 – First mortgage of Bank of America, N.A. on 3627 Drew Street, Jacksonville, FL. (Claim 32).**

Impaired – repaid the value of the collateral, together with interest of 4.25% interest over 360 months.

**Class 13 – First mortgage of U.S. Bank, N.A. on 7660 Melissa Court, Unit 1, Jacksonville, FL. (Claim 35).**

Impaired – repaid the value of the collateral, together with interest of 4.25% interest over 360 months.

**Class 14 – First mortgage of Navy Federal Credit Union on 4152 Lorenzo Court, Jacksonville, FL. (Claim 26).**

Unimpaired – surrender the collateral in full satisfaction of any claim filed by the claimholder.

**Class 15 – First mortgage of Navy Federal Credit Union on 3004 Atherley Road, St. Augustine, FL. (Claim 12).**

Unimpaired – continue to make regular monthly payments on the original terms of the note.

**Class 16 – First mortgage of Navy Federal Credit Union on 7783 Allspice Circle, Jacksonville, FL. (Claim 23).**

Impaired – repaid the value of the collateral, together with interest of 4.25% interest over 360 months.

**Class 17 – Second mortgage of Navy Federal Credit Union on 7783 Allspice Circle, Jacksonville, FL. (Claim 5).**

Impaired – repaid the value of the claim, together with interest of 4.25% interest over 360 months.

**Class 18 – Third mortgage of Navy Federal Credit Union on 7783 Allspice Circle, Jacksonville, FL. (Claim 2).**

Impaired – to be valued at $0.00 and treated as a general unsecured claim.

**Class 19 – Second mortgage of Regions Bank on 3004 Atherley Road, St. Augustine, FL. (No Claim Filed).**

Impaired – to be valued at $0.00 and treated as a general unsecured claim.

**Class 20 – First mortgage of Navy Federal Credit Union on 1124 Callan Street, Jacksonville, FL. (Claim 22).**

Impaired – repaid the full claim amount, together with interest of 4.25% interest over 360 months.

**Class 21- PMSI of Navy Federal Credit Union on a 2011 Kia Sorento. (Claim 8).**

Impaired – repaid the full amount of the claim, together with 5% interest, over 60 months.

**Class 22 – Secured tax claim of the Duval County Tax Collector on real property located in Jacksonville, FL. (Claim 15).**

Impaired – repaid the full claim amount together with 18% statutory interest over 60 months.

**Class 23 - General Unsecured Claims.**

Impaired – Anticipated distribution of $660.00 per quarter.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims. The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtors assume the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan:

1.  Leases between debtors and all tenants currently renting properties on the confirmation date.

(b)    The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## GENERAL PROVISIONS

7.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: N/A

7.02    Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.03    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.04    Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05    Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.06    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE VIII
## DISCHARGE

8.01    Discharge. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE IX
## OTHER PROVISIONS

9.01    Payments. Payments to the various Classes under this Plan shall commence on the first (1st) day of the month after the date that the Plan becomes final and non-appealable unless otherwise specifically stated with respect to treatment of each particular class.

By:    /s/ Jason A. Burgess

Jason A. Burgess
Attorney for the Debtors in Possession
118 West Adams Street
Suite 900
Jacksonville, Florida 32202
(904) 354-5065
Florida Bar No. 40757

By:

Rodney L. Williams as Plan Proponent

By:

Kasey D. Williams as Plan Proponent

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In Re:

Rodney Williams                                    Case No. 3:12-bk-04198
Kasey Williams                                     Chapter 11

              Debtor(s).
_____/

## STIPULATION REGARDING AMENDMENT TO PLAN OF REORGANIZATION

Debtors-in-Possession, Rodney Williams and Kasey Williams, and Creditor, Navy Federal Credit Union, stipulate to amend the Chapter 11 Plan of Reorganization as to Class 4 proposed by the Debtors-in-Possession for Confirmation to include the following treatment:

1. The plan will be deemed amended by the Debtors-in-Possession to pay Navy Federal Credit Union $71,421.00 with 5% interest over 360 months in equal installments.

2. Navy Federal Credit Union will file a ballot accepting the Plan of Reorganization timely. Should Navy Federal Credit Union fail to file a ballot timely, this Stipulation shall be deemed an acceptance.

3. The terms and conditions of this Stipulation may not be modified, altered, or changed in any Chapter 11 Plan for Reorganization without the express written consent of the parties. All other terms of the Chapter 11 Plan of Reorganization not changed in this stipulation will remain in place.


Joshua Dawes                                       Stephen J. Modric
Florida Bar No.: 94461                             Florida Bar No.: 17738
Jason A. Burgess                                   Beatrice Grevel
Florida Bar No. 40757                              Butler & Hosch, P.A.
Law Offices of Jason A. Burgess, LLC               3185 S. Conway Road, Suite E
118 W. Adams Street, Suite 900                     Orlando, Florida 32812
Jacksonville, Florida 32202                        Phone (407) 381-5200
Phone (904) 354-5065                               *Counsel for Navy Federal Credit Union*
*Counsel for Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In Re:

Rodney Lee Williams                        Case No. 3:12-bk-04198
Kasey Drake Williams                       Chapter 11

　　　　　　　　Debtor(s).

_____/

## ORDER GRANTING MOTION FOR CRAMDOWN
## UNDER 11 U.S.C. § 1129(b) CLASS 5

This Case came before the Court on August 15, 2013, upon the Motion Pursuant to Section 1129(b) Regarding Class 5 Navy Federal Credit Union (Doc #184). Upon the Motion and record from hearing, the Court finds that the Plan of Reorganization is fair and equitable with respect to the members of this class. Upon consideration, it is **ORDERED:**

1. The Motion filed by the Debtor-In-Possession with respect to Class 5 is granted.

2. Class 5 shall be paid in accorance with the Chapter 11 Plan of Reorganization as filed with the Court and consistent with the Motion as filed.

Dated this 19 day of August , 2013 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Attorney Joshua Dawes is directed to serve a copy of this order on interested parties and to file a certificate of service within 3 days of entry of the order.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re:

Rodney Lee Williams                              Case No. 3:12-bk-04198
Kasey Drake Williams                             Chapter 11

               Debtor(s).
_____/

<u>**ORDER GRANTING MOTION FOR CRAMDOWN**</u>
<u>**UNDER 11 U.S.C. § 1129(b) CLASS 6**</u>

      This Case came before the Court on August 15, 2013, upon the Motion Pursuant
to Section 1129(b) Regarding Class 6 Navy Federal Credit Union (Doc #185).  Upon the
Motion and record from hearing, the Court finds that the Plan of Reorganization is fair
and equitable with respect to the members of this class.  Upon consideration, it is
**ORDERED:**

    1.  The Motion filed by the Debtor-In-Possession with respect to Class 6 is
        granted.

    2.  Class 6 shall be paid in accorance with the Chapter 11 Plan of Reorganization
        as filed with the Court and consistent with the Motion as filed.

      Dated this 19 day of August , 2013 in Jacksonville, Florida.

                                 Jerry A. Funk
                                 United States Bankruptcy Judge

Attorney Joshua Dawes is directed to serve a copy of this order on interested parties and
to file a certificate of service within 3 days of entry of the order.

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In Re:

Rodney Lee Williams                              Case No. 3:12-bk-04198
Kasey Drake Williams                             Chapter 11

                Debtor(s).
_____/

## ORDER GRANTING MOTION FOR CRAMDOWN
## UNDER 11 U.S.C. § 1129(b) CLASS 8

This Case came before the Court on August 15, 2013, upon the Motion Pursuant to Section 1129(b) Regarding Class 8 Navy Federal Credit Union (Doc #186). Upon the Motion and record from hearing, the Court finds that the Plan of Reorganization is fair and equitable with respect to the members of this class. Upon consideration, it is

**ORDERED:**

1. The Motion filed by the Debtor-In-Possession with respect to Class 8 is granted.

2. Class 8 shall be paid in accorance with the Chapter 11 Plan of Reorganization as filed with the Court and consistent with the Motion as filed.

Dated this 19 day of August , 2013 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Attorney Joshua Dawes is directed to serve a copy of this order on interested parties and to file a certificate of service within 3 days of entry of the order.

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In Re:

Rodney Lee Williams                                    Case No. 3:12-bk-04198
Kasey Drake Williams                                   Chapter 11

                        Debtor(s).
_____/

## ORDER GRANTING MOTION FOR CRAMDOWN
## UNDER 11 U.S.C. § 1129(b) CLASS 9

      This Case came before the Court on August 15, 2013, upon the Motion Pursuant to Section 1129(b) Regarding Class 9 Navy Federal Credit Union (Doc #187). Upon the Motion and record from hearing, the Court finds that the Plan of Reorganization is fair and equitable with respect to the members of this class. Upon consideration, it is

**ORDERED:**

1. The Motion filed by the Debtor-In-Possession with respect to Class 9 is granted.

2. Class 9 shall be paid in accorance with the Chapter 11 Plan of Reorganization as filed with the Court and consistent with the Motion as filed.

Dated this 19 day of August , 2013 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Attorney Joshua Dawes is directed to serve a copy of this order on interested parties and to file a certificate of service within 3 days of entry of the order.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re:

Rodney Lee Williams                              Case No. 3:12-bk-04198
Kasey Drake Williams                             Chapter 11

                        Debtor(s).
_____/

**ORDER GRANTING MOTION FOR CRAMDOWN**
**UNDER 11 U.S.C. § 1129(b) CLASS 10**

        This Case came before the Court on August 15, 2013, upon the Motion Pursuant
to Section 1129(b) Regarding Class 10 Navy Federal Credit Union (Doc #188).  Upon the
Motion and record from hearing, the Court finds that the Plan of Reorganization is fair
and equitable with respect to the members of this class.  Upon consideration, it is

**ORDERED:**

    1.  The Motion filed by the Debtor-In-Possession with respect to Class 10 is
        granted.

    2.  Class 10 shall be paid in accorance with the Chapter 11 Plan of
        Reorganization as filed with the Court and consistent with the Motion as filed.

        Dated this  19  day of  August  , 2013 in Jacksonville, Florida.

                                        Jerry A. Funk
                                        United States Bankruptcy Judge

Attorney Joshua Dawes is directed to serve a copy of this order on interested parties and
to file a certificate of service within 3 days of entry of the order.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

IN RE:

**Rodney Lee Williams and**
**Kasey Drake**

     **Debtor(s).**

                                        **CASE NO.   12-04198-JAF**
                                        **CHAPTER   11**

_____/

## STIPULATION REGARDING CHAPTER 11 PLAN
*3627 Drew Street, Jacksonville, FL   32207 (Class 12)*

BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP ("Bank of America"), its successors and/or assigns, Rodney Lee Williams and Kasey Drake, ("Debtors") by and through their undersigned counsel, stipulate as follows:

    1.    BANK OF AMERICA holds a mortgage on the real property located at 3627 Drew Street, Jacksonville, FL 32207 more particularly described as follows:

> **LOT 4, BRIGGS AND STROTHERS SUBDIVISION, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 57, PAGES 28 AND 28A, OF THE CURRENT PUBLIC RECORDS OF DUVAL COUNTY, FLORIDA.**

    2.    BANK OF AMERICA's claim relative to this property is treated under the Plan of Reorganization (the "Plan") under class 12.

    3.    The Debtor will pay the new unpaid principal balance of $86,215.00 as a re-amortized first mortgage with interest at a rate of 5.25% in equal monthly installments over a period of 360 months. The monthly payment of $476.08 is for principal and interest only. The first payment under this stipulation to the Debtor's Chapter 11 Plan is due February 1, 2013.

4.      All payments due hereunder shall be made payable to:

> BANK OF AMERICA, N.A.
> c/o BANK OF AMERICA, N.A.
> P.O. Box 660933
> Dallas, TX  75266-0933
> Loan No.:*****6808

5.      Debtor shall cure pre-petition escrow advances in the amount of $3,246.67 over 60 months beginning February 1, 2013.   This payment of $54.12 is in addition to the ongoing monthly payment.

6.      The property insurance and taxes are to be paid directly by the Debtor.  Debtor shall provide BANK OF AMERICA, with proof of insurance within ten (10) days.  The Debtor shall maintain insurance on the property in accordance with the Loan Documents. BANK OF AMERICA, N.A.   should be listed as loss payee on the insurance policy.

7.      Upon confirmation of the Plan, *in rem* stay relief is granted.

8.      Debtor shall be in default if such payments are not made in a timely manner as required under the terms of the Note and Mortgage or should Debtor fail to maintain insurance on the property in accordance with the Loan Documents.

9.      The terms and conditions of this Stipulation may not be modified, altered, or changed in any Chapter 11 Plan for Reorganization without the express written consent of the parties.  All other terms of the Chapter 11 Plan of Reorganization not changed in this stipulation will remain in place.

10.     Except as expressly provided in the Plan, all other terms of the Promissory Note and Mortgage shall remain in full force and effect.

11.     This Stipulation shall be incorporated into the order of confirmation submitted to the court.

12.     The remaining claim balance of $18,983.21 shall be paid as part of the unsecured class.

13.     BANK OF AMERICA will file a ballot accepting the Plan of Reorganization timely. Should BANK OF AMERICA fail to file a ballot timely, this Stipulation shall be deemed an

acceptance.

Dated this 17th day of May , 2013

**Ronald R. Wolfe & Associates, P.L.**

By_____
Rubina K. Shaldjian
Florida Bar Number 64466
PO Box 25018
Tampa, Fl  33622
(813) 251-4766 Ext. 3723
Attorneys for BANK OF AMERICA, N.A.
SUCCESSOR BY MERGER TO BAC
HOME LOANS SERVICING, LP FKA
COUNTRYWIDE HOME LOANS
SERVICING, LP

**The Law Offices of Jason A. Burgess**

By_____
Joshua B. Dawes
Florida Bar Number 94461
118 W. Adams Street, Suite 900
Jacksonville, FL  32202
(904) 354-5065
Attorneys for Rodney Lee Williams &
Kasey Drake

B11031983

Copies Furnished To:

Rodney Lee and Kasey Drake Williams
3004 Atherley Road
Saint Augustine, FL 32092

Joshua Dawes, Esquire
josh@jasonaburgess.com
118 W. Adams Street, Suite 900
Jacksonville, FL 32202

U.S. Trustee
c/o Scott Bomkamp, Esquire
scott.e.bomkamp@usdoj.gov
400 W. Washington Street, Suite 1100
Orlando, FL 32801

Local Rule 1007-2 Parties in Interest

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Rodney Lee Williams and Kasey Drake          Case No. 3:12-bk-04198-JAF
Williams a/k/a Kasey Williams,               Chapter 11

     Debtors.
_____/

## STIPULATION REGARDING AMENDMENT TO PLAN REORGANIZATION

Debtors-in-possession, Rodney Williams and Kasey Williams, and Creditor U.S. Bank,
N.A., stipulate to amend the Chapter 11 Plan of Reorganization as to Class 13 proposed by the
Debtors-in-Possession for Confirmation to include the following treatment:

1. The Plan will be deemed amended by the Debtors-in-Possession to pay U.S. Bank, N.A.
   $39,000.00 with 5% interest over 360 months in equal monthly installments. The remainder
   of the claim will be treated in the general unsecured class.
2. U.S. Bank, N.A. will timely file a ballot in Class 13 accepting the Plan of Reorganization.
   Should U.S. Bank, N.A. fail to file a ballot timely, this Stipulation shall be deemed an
   acceptance.
3. The terms and conditions of this Stipulation may not be modified, altered, or changed in any
   Chapter 11 Plan for Reorganization without the express written consent of the parties. All
   other terms of the Chapter 11 Plan of Reorganization not changed in this stipulation will
   remain in place.
4. Should the Debtors fail to complete their Chapter 11 Plan and fail to receive a discharge,
   whether due to dismissal or conversion, then the lien shall remain in full force and effect.

   /s/ Joshua Dawes                         /s/ Spencer Gollahon
Joshua Dawes                            Spencer Gollahon
Florida Bar No. 94461                Florida Bar No. 647799
Law Offices of Jason A. Burgess, LLC     Ablitt Scofield, P.C.
118 W. Adams Street, Suite 900        100 S. Dixie Highway, Suite 200

Jacksonville, Florida 32202                    West Palm Beach, Florida 33401
P – (904) 354-5065                             P – (561) 422-4668
*Counsel for Debtors in Possesion*            *Counsel for U.S. Bank, N.A.*

- - -

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re:

Rodney Lee Williams                              Case No. 3:12-bk-04198
Kasey Drake Williams                             Chapter 11

                    Debtor(s).
_____/

**ORDER GRANTING MOTION FOR CRAMDOWN**
**UNDER 11 U.S.C. § 1129(b) CLASS 16**

     This Case came before the Court on August 15, 2013, upon the Motion Pursuant
to Section 1129(b) Regarding Class 16 Navy Federal Credit Union (Doc #189). Upon the
Motion and record from hearing, the Court finds that the Plan of Reorganization is fair
and equitable with respect to the members of this class. Upon consideration, it is
**ORDERED:**

1. The Motion filed by the Debtor-In-Possession with respect to Class 16 is
   granted.

2. Class 16 shall be paid in accorance with the Chapter 11 Plan of
   Reorganization as filed with the Court and consistent with the Motion as filed.

Dated this 19 day of August , 2013 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Attorney Joshua Dawes is directed to serve a copy of this order on interested parties and
to file a certificate of service within 3 days of entry of the order.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In Re:

Rodney Lee Williams                          Case No. 3:12-bk-04198
Kasey Drake Williams                         Chapter 11

                    Debtor(s).
_____/

### ORDER GRANTING MOTION FOR CRAMDOWN
### UNDER 11 U.S.C. § 1129(b) CLASS 17

      This Case came before the Court on August 15, 2013, upon the Motion Pursuant
to Section 1129(b) Regarding Class 17 Navy Federal Credit Union (Doc #190).  Upon the
Motion and record from hearing, the Court finds that the Plan of Reorganization is fair
and equitable with respect to the members of this class.  Upon consideration, it is
**ORDERED:**

1.  The Motion filed by the Debtor-In-Possession with respect to Class 17 is
    granted.

2.  Class 17 shall be paid in accorance with the Chapter 11 Plan of
    Reorganization as filed with the Court and consistent with the Motion as filed.


Dated this 19 day of August , 2013 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge


Attorney Joshua Dawes is directed to serve a copy of this order on interested parties and
to file a certificate of service within 3 days of entry of the order.

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In Re:

Rodney Lee Williams                                    Case No. 3:12-bk-04198
Kasey Drake Williams                                   Chapter 11

                        Debtor(s).
_____/

## ORDER GRANTING MOTION FOR CRAMDOWN
## UNDER 11 U.S.C. § 1129(b) CLASS 18

This Case came before the Court on August 15, 2013, upon the Motion Pursuant

to Section 1129(b) Regarding Class 18 Navy Federal Credit Union (Doc #191).  Upon the

Motion and record from hearing, the Court finds that the Plan of Reorganization is fair

and equitable with respect to the members of this class.  Upon consideration, it is

**ORDERED:**

1.  The Motion filed by the Debtor-In-Possession with respect to Class 18 is

    granted.

2.  Class 18 shall be paid in accorance with the Chapter 11 Plan of

    Reorganization as filed with the Court and consistent with the Motion as filed.

Dated this 19 day of August , 2013 in Jacksonville, Florida.


                                        Jerry A. Funk
                                        United States Bankruptcy Judge


Attorney Joshua Dawes is directed to serve a copy of this order on interested parties and
to file a certificate of service within 3 days of entry of the order.

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In Re:

Rodney Lee Williams                          Case No. 3:12-bk-04198
Kasey Drake Williams                         Chapter 11

                        Debtor(s).
_____/

## ORDER GRANTING MOTION FOR CRAMDOWN
## UNDER 11 U.S.C. § 1129(b) CLASS 19

This Case came before the Court on August 15, 2013, upon the Motion Pursuant to Section 1129(b) Regarding Class 19 Regions Bank (Doc #192). Upon the Motion and record from hearing, the Court finds that the Plan of Reorganization is fair and equitable with respect to the members of this class. Upon consideration, it is

**ORDERED:**

1. The Motion filed by the Debtor-In-Possession with respect to Class 19 is granted.

2. Class 19 shall be paid in accorance with the Chapter 11 Plan of Reorganization as filed with the Court and consistent with the Motion as filed.

Dated this 19 day of August , 2013 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Attorney Joshua Dawes is directed to serve a copy of this order on interested parties and to file a certificate of service within 3 days of entry of the order.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re:

Rodney Lee Williams                        Case No. 3:12-bk-04198
Kasey Drake Williams                       Chapter 11

                    Debtor(s).
_____/

**ORDER GRANTING MOTION FOR CRAMDOWN**
**UNDER 11 U.S.C. § 1129(b) CLASS 20**

    This Case came before the Court on August 15, 2013, upon the Motion Pursuant
to Section 1129(b) Regarding Class 20 Navy Federal Credit Union (Doc #193). Upon the
Motion and record from hearing, the Court finds that the Plan of Reorganization is fair
and equitable with respect to the members of this class. Upon consideration, it is
**ORDERED:**

    1.  The Motion filed by the Debtor-In-Possession with respect to Class 20 is
        granted.

    2.  Class 20 shall be paid in accorance with the Chapter 11 Plan of
        Reorganization as filed with the Court and consistent with the Motion as filed.


    Dated this 19 day of August, 2013 in Jacksonville, Florida.


                                    Jerry A. Funk
                                    United States Bankruptcy Judge


Attorney Joshua Dawes is directed to serve a copy of this order on interested parties and
to file a certificate of service within 3 days of entry of the order.

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In Re:

Rodney Lee Williams                            Case No. 3:12-bk-04198
Kasey Drake Williams                        Chapter 11

                    Debtor(s).

_____/

### ORDER GRANTING MOTION FOR CRAMDOWN
### UNDER 11 U.S.C. § 1129(b) CLASS 21

This Case came before the Court on August 15, 2013, upon the Motion Pursuant to Section 1129(b) Regarding Class 21 Navy Federal Credit Union (Doc #194). Upon the Motion and record from hearing, the Court finds that the Plan of Reorganization is fair and equitable with respect to the members of this class. Upon consideration, it is **ORDERED:**

1.  The Motion filed by the Debtor-In-Possession with respect to Class 21 is granted.

2.  Class 21 shall be paid in accorance with the Chapter 11 Plan of Reorganization as filed with the Court and consistent with the Motion as filed.

Dated this 19 day of August , 2013 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Attorney Joshua Dawes is directed to serve a copy of this order on interested parties and to file a certificate of service within 3 days of entry of the order.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In Re:

Rodney Williams                                    Case No. 3:12-bk-04198
Kasey Williams                                     Chapter 11

        Debtor(s).
_____/

### STIPULATION REGARDING AMENDMENT TO PLAN OF REORGANIZATION

Debtors-in-Possession, Rodney Williams and Kasey Williams, and The Duval County Tax Collector, stipulate to amend the Chapter 11 Plan of Reorganization as to Class 22 to include the following treatment:

1. The plan will be deemed amended by the Debtors-in-Possession to pay the 2011 real estate taxes, in the amount of $11,800.18, in equal monthly payments over 60 months. The monthly payment amount is $196.67.

2. The plan will be deemed amended by the Debtors-in-Possession to pay the 2012 real estate taxes in the amount of $9,374.77, in equal monthly payments over 60 months with statutory interest of 18% from the original date of default.

3. The Debtors-in-Possession consent upon the filing of this Stipulation to the lifting of the automatic stay imposed by 11 U.S.C. § 362 as to the Duval County Tax Collector to allow the Duval County Tax Collector to proceed with collection of taxes in accordance with the procedures set forth in the Florida Statues in regards to the following properties:

    a. 1520 Raven Drive, Jacksonville, FL 32218

    b. 5516 Ahmad Drive, Jacksonville, FL 32209

    c. 4152 Lorenzo Court, Jacksonville, FL 32208

    d. 4212 Etta Street, Jacksonville, FL 32209

    e. 321 Belfort Street, Jacksonville, FL 32204

4. The Duval County Tax Collector shall retain its lien on all 2013 real estate and non-ad valorem assessments and tangible personal property taxes, and any real estate and non-ad valorem assessments and tangible personal property tax liens established in future years, until paid in full. The Duval County Tax Collector

also shall retain its right to collect such taxes and assessments in the methods set forth under Florida Statutes.

5. The terms and conditions of this Stipulation may not be modified, altered, or changed in any Chapter 11 Plan for Reorganization without the express written consent of the parties. All other terms of the Chapter 11 Plan of Reorganization not changed in this stipulation will remain in place.

Dated June 3, 2013.

Joshua Dawes
Law Offices of Jason A. Burgess, LLC
Florida Bar No. 94461
Counsel for Debtors in Possession
118 W. Adams Street, Suite 900
Jacksonville, Florida 32202
Phone (904) 354-5065

Dylan Reingold
Office of General Counsel
Florida Bar No. 544701
Counsel for Duval County Tax Collector
117 W. Duval Street, Suite 480
Jacksonville, Florida 32202
Phone (904) 630-1700